Case 4:12-cv-00314-RC-ALM   Document 7   Filed 07/22/12   Page 1 of 5 PageID #:  29


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **DAVID E. MACK,** § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. 4:12-CV-314-RC-ALM |
| § | |
| **CAPITAL MANAGEMENT** § | |
| **SERVICES, L.P.** § | |
| § | |
| Defendant § | |

**DEFENDANT CAPITAL MANAGEMENT SERVICES, LP'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES SUBJECT TO DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

COMES NOW Defendant, **CAPITAL MANAGEMENT SERVICES, LP. ("Defendant"),** by and through its undersigned counsel, and files this Answer and Affirmative Defenses Subject to Defendant's Motion to Dismiss For Insufficiency of Service of Process, and in support thereof, would respectfully show the Court as follows:

**JURISDICTION**

1.  Defendant admits that Plaintiff alleges that this Court has jurisdiction under 15 U.S.C. §1681 and 28 U.S.C. §1331 but denies that Plaintiff is entitled to any such relief. Defendant admits that it transacts business in this district but denies that it engaged in any conduct giving rise to Plaintiff's Complaint in this district as alleged. Defendant denies the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.  Defendant denies all the allegations in Paragraph 2 of Plaintiff's Complaint.

**PARTIES**

3.  Defendant lacks sufficient knowledge to admit or deny the allegations asserted in Paragraph 3 of Plaintiff's Complaint.

1

4. Defendant admits that it is a Delaware limited partnership and has an office at 726 Exchange Street Suite 700 Buffalo, New York 14210. Defendant denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

## VENUE

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

## COUNT I

10. Defendant re-incorporates its responses to Paragraphs 1-9 as fully set forth herein.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

22.     Defendant incorporates by reference herein its responses to Paragraphs 1-21 of Plaintiff's Complaint.  Defendant admits that Plaintiff seeks statutory damages of $1,000; attorney's fees and costs of court; however, Defendant denies that Plaintiff is entitled to such damages, including but not limited to statutory damages, attorney's fees, or costs of court.  Plaintiff is not represented by attorney's fees and is not entitled to recover attorney's fees. Defendant further denies that Plaintiff is entitled to any equitable relief in this matter, including but not limited to injunctive relief.  Defendant further denies that Plaintiff is entitled to any attorney's fees or costs in this matter.  Defendant denies that it is liable to Plaintiff for any damages, including but not limited to actual, statutory, punitive, discretionary or equitable, and/or attorney's fees.

## AFFIRMATIVE DEFENSES

23.     Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

24.     No act or omission of Defendant, which act or omission Defendant denies, rises to the level of reckless, willful, wanton, intentional, knowing, and/or malice, and/or was the result of a bona fide error pursuant to 15 U.S.C § 1681, et. al.; therefore, Defendant did not have the requisite intent.

25.     Plaintiff could have, by reasonable effort, mitigated the damages alleged, but Plaintiff failed to do so.  Thus, the extent of the Plaintiff's damages, if any, should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount, if any, that Plaintiff actually has mitigated.

26.     Defendant asserts the defense of lack of standing.

27. Defendant asserts the defense of litigation immunity.

28. Defendant asserts that this action was brought in bad faith and for the purpose of harassment. Pursuant to 15 U.S.C. § 1681, et. seq. Defendant is entitled to recover from Plaintiff reasonable attorney's fees in relation to the work extended and cost incurred in this matter.

29. Defendant denies that Plaintiff has sustained any actual damages in this matter. Defendant further asserts that an award of statutory damages in absence of any actual damages would be a denial of its right to due process under state and federal law.

30. Defendant asserts that Plaintiff failed to comply with condition precedent prior to bringing this suit.

31. Defendant avers this is an unreasonable debt collection practices claim asserted under 15 U.S.C. §1681, et. al. or FRCA, whereby Plaintiff seeks statutory damages.

32. Defendant asserts the affirmative defense of consent.

33. Defendant asserts the affirmative defense of waiver.

34. Some if not all of Plaintiff's claims are barred by the statute of limitations.

**JURY DEMAND**

35. Defendant asserts its rights under the under Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

WHEREFORE, Defendant, **CAPITAL MANAGEMENT SERVICES, LP.,** requests the Court to dismiss Plaintiff's Compliant with an Order granting Defendant attorney's fees, all costs and for other relief to which it is justly entitled.

Respectfully Submitted:

**SPROTT RIGBY NEWSOM ROBBINS, & LUNCEFORD, PC**
By: */s/ Kandy E. Messenger*
KANDY E. MESSENGER
State Bar No. 24053360
Fed. ID. 638777
2211 Norfolk Suite 1150
Houston, Texas 77098
Tel: (713) 523-8338
Fax: (713) 523-9422
messenger@sprottrigby.com
LEAD ATTORNEY FOR DEFENDANT
CAPITAL MANAGEMENT SERVICES, LP.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the **22nd of July 2012**, a true and correct copy of the foregoing was served by certified mail return receipt requested via the United States Postal Service on the following:

David E. Mack                                           *Via CMRRR*
7720 McCallum Blvd. #2099
Dallas, TX 75252
*Pro Se* Plaintiff


  */s/Kandy E. Messenger*
  Kandy E. Messenger