THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 0 4 2012

DAVID J. MALAND, CLERK

BY
DEPUTY
```

DAVID E. MACK
    *Plaintiff,*

vs

CAPITAL MANAGEMENT
SERVICES, LP
    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:12-cv-314-RC-ALM

## MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, David E. Mack (Mack) moves this Honorable Court for an order of summary judgment against Defendant, Capital Management Services, LP (CMS), and in support thereof Plaintiff does annex his memorandum of law and sworn affidavit with exhibits. Plaintiff does further ask this Court for final summary judgment against Defendant CMS as authorized by Federal Rule of Civil Procedure 56, and Plaintiff does show as follows:

### A.  Introduction

1.  On May 16, 2012 Mack sued CMS for violation of the FCRA, 15 U.S.C. § 1681et seq..

2.  CMS was served with the summons and complaint on May 23, 2012 and on July 5, 2012 Mack filed a motion for default judgment after CMS failed to answer.

3.  On July 22, 2012 CMS filed an answer and affirmative defenses subject to its motion to dismiss for insufficiency of service of process.

4. On July 24, 2012 the Court issued an Order Governing Proceedings with specific additional requirements for the parties as to disclosures and discovery and the consequences of their failure to follow the requirements.[1]

5. On August 28, 2012 CMS, through their registered agent, was again served the summons and complaint by Thomas Process, a professional process server, to eliminate any question of proper service of process.

6. On September 18, 2012 the Court issued the Scheduling Order and reminded the parties of the specific additional requirements for disclosures and discovery contained in the Order Governing Proceedings and the consequences of their failure to follow the requirements.[2]

7. On September 19, 2012 CMS filed an amended answer and affirmative defenses.

8. Mack files this motion for final summary judgment on his cause of action for violation of the FCRA stating there are no issues of material fact before the Court. Summary judgment should be granted in this case because the summary judgment evidence establishes all elements of Mack's cause of action.

### B. Statement of Issues to be Decided

9. The elements as to which Summary Judgment is sought are:

   a. CMS obtained Mack's Equifax credit report on May 14, 2009.

   b. Mack never gave CMS permission to obtain his Equifax credit report.

   c. CMS did not have a permissible purpose to obtain Mack's credit report.

---

[1] See Doc. 11 Pages 4,5 Discovery
[2] See Doc. 27-1 Pages 3,4 Scope of Discovery

d. Discovery of the violation occurred within the statute of limitations of the FCRA.

### C. Statement of Undisputed Material Facts

10. That CMS obtained Mack's Equifax credit report without a permissible purpose in violation of the FCRA and that his discovery of the violation in May 2011 is within the statute of limitations as defined in the FCRA as amended by FACTA.

11. The factual basis for this claim is the information present in Mack's Equifax credit report evidencing the date that CMS obtained his credit report.[3]

12. Mack did not give CMS his consent to obtain his Equifax credit report at any time.[4]

### D. Standard of Review

13. Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  A plaintiff moving for summary judgment satisfies its burden by submitting summary judgment proof that establishes all elements of its cause of action as a matter of law. *San Pedro v. U.S.*, 79 F.3d 1065, 1068 (11th Cir. 1996).  Plaintiff must show that no reasonable trier of fact could find other than for plaintiff. *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986).

### E. Argument

14. To prevail on his claim of violation of the FCRA, Mack must prove the following elements as a matter of law: CMS obtained Mack's Equifax credit report with no permissible purpose and that his claim was brought within the statute of limitations of the

---

[3] See Exhibit 1 Copy of credit report page
[4] See Exhibit 2 Mack Affidavit ¶9

FCRA. Because there are no genuine issues of material fact on any element of the violation of the FCRA, Mack is entitled to summary judgment as a matter of law.

15. This case has been a classic example of a lack of cooperation and blatant refusal of the Defendant to cooperate or communicate in all respects, and in doing so frustrates the Plaintiff, and further wastes the Court's valuable time and limited resources. CMS apparently has no defense, as the record does reflect.

16. **CMS obtained Mack's Equifax credit report on May 14, 2009** – This element is easily proven by the annexed copy of the page of Mack's redacted Equifax credit report[5] showing the credit pull by CMS on May 14, 2009. CMS does not specifically argue or admit that it obtained Mack's credit report but instead alludes to doing so in its evasive answer to Interrogatory No.4[6] by mentioning a ***still unidentified alleged original creditor***. In the same paragraph of that answer CMS then states "Defendant did not communicate with any consumer reporting agency regarding Plaintiff." That statement is patently false when it has been shown that CMS did, in fact, obtain Mack's credit report as previously shown and would have had to communicate with Equifax to do so.

17. **Mack never gave CMS permission to obtain his Equifax credit report** – Mack's affidavit[7]annexed hereto specifically states he never gave CMS permission to obtain his credit report at any time. CMS does not state or argue that Mack did so at any time.

---

[5] See Exhibit 1 Copy of Credit Report Page
[6] See Exhibit 3 Discovery Questions and Answers Page 2
[7] See Exhibit 2 Mack Affidavit ¶9

18. **CMS did not have a permissible purpose to obtain Mack's credit report**

— CMS has failed in every respect, including under the requirements of initial disclosures mandated by the F. R. Civ. P. 26 and additional orders of this Court, to provide any information, alleged justification, the identity of any person(s) involved or with knowledge, or any documents that could evidence even the slightest *possibility* that CMS had a permissible purpose to obtain Mack's credit report.

19. CMS has continually acted to delay any movement forward in this case. These actions began with CMS failing to answer the original summons when it was served and responding only after Mack filed a motion for default judgment[8]. CMS then responded with a motion to dismiss. The delay tactics by CMS then continued with their blatant refusal to meet or talk with Mack for the 26f conference as required by F. R. Civ. P.[9]

20. The tactics of delay and non-cooperation by CMS continued with its refusal to provide *ANY* initial disclosures to Mack even to this late date almost three months past the deadline set by this Court for doing so in direct defiance of this Court's Order Governing Proceedings dated July 24, 2012 and the Federal Rules of Civil Procedure.

21. CMS's delaying tactics continue to this day with evasive, incomplete, and contradictory answers to discovery requests made by Mack and its *continuing refusal to communicate with Mack* after multiple requests,[10] regarding those deficiencies and other disclosures that have not been made.

22. It is apparent that CMS has no information that would support it having a permissible purpose for obtaining Mack's credit report. If CMS were to present something at this late

---

[8] See Doc. 4
[9] See Doc. 20 Notice of Non-Compliance by Defense Counsel
[10] See Exhibit 4 Emails to Defendant

date, the statements of the court in its Order Governing Proceedings very plainly would

prevent such information from being presented going forward due to CMS's total failure

to disclose that information to the Plaintiff in a timely manner as ordered by the Court.

The following is stated on page 4 of the Court's Order Governing Proceedings:

### DISCOVERY

**Initial mandatory disclosure** pursuant to Rule 26(a)(1) shall be completed not later than 28 days after the deadline for the Rule 26 attorney conference and **shall include the following in addition to information required by Rule 26(a)(1).**

(1)  the correct names of the parties to the action;

(2)  the name and , if known, address and telephone number of any potential parties to the action;

(3)  the name and, if known, the address and telephone number of **persons having knowledge of facts relevant to the claim or defense of any party,** a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person......

(4)  the authorization described in Local Rule CV-34; and

(5)  a copy of all documents, electronically stored information, witness statements and tangible things in the possession, custody or control of the disclosing party that are **relevant to the claim or defense of any party**......

See Local Rule CV-26(d) for meaning of **"relevant to the claim or defense of any party,"** *A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.* [Emphasis added]

23. The Court was VERY explicit in its order stating *"A party that fails to timely disclose*

*such information will not, unless such failure is harmless, be permitted to use such*

*evidence at trial, hearing or in support of a motion"* which would mean that any

information that CMS had been required to provide to Mack in initial disclosures would

no longer be permitted to be used and therefore could not even serve as a foundation for

any further information that CMS *might* bring forth to show any plausible *possibility* of

them having a permissible purpose to have obtained Mack's credit report. CMS's failure to timely disclose any required information can in no manner be deemed "harmless" as it has made it virtually impossible for Mack to move forward with needed discovery.

24. CMS had a second warning as to the consequences of any failure to make the disclosures in a timely manner. In the Scheduling Order dated September 18, 2012 the Court again admonished the parties and stated *"A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion."*

25. CMS has failed to follow the Federal Rules of Civil Procedure, the local rules, AND the orders of the District Court. It has not even attempted to make any defense as to its actions or make *ANY* disclosures required by those rules and Orders of the Court.

26. It should be obvious to the Court that CMS has no defense as to any claim to have had a permissible purpose to have obtained Mack's Equifax credit report. It has virtually failed to bring forth *ANY* information that could possibly identify even the *possibility* that it could have had a permissible purpose and has crystallized Mack's claim as being valid by failing to do so. Any reasonable jurist or jury would come to that conclusion.

27. **Discovery of the violation occurred within the statute of limitations of the FCRA** - Mack alleges in his complaint that he made the discovery of the violation that is the basis of his complaint in May 2011 after diligent study of the FCRA that began in April 2011. The FCRA was amended by FACTA effective March 31, 2004 which changed the manner in which the statute of limitations for violations is determined.

28. Prior to the enactment of the FACTA amendments in 2003, the FCRA had provided that claims had to be brought within two years of the "date on which the liability arises," regardless of the date the consumer discovered the violation, unless a willful misrepresentation was involved. FACTA eased the harshness of this rule by providing that, effective March 31, 2004, a suit must be filed within two years of the **"discovery by the plaintiff of the violation that is the basis for such liability"** but in no event more than five years after the date of such violation. 15 U.S.C. § 1681p(1)(2)

29. When looking at the plain language of the statute it is apparent that the date of discovery of the violation stated in the complaint as being May 2011 is correct and the filing of Mack's suit in May of 2012 is well within the two year statute of limitations of the date of discovery as set forth in the FCRA as amended by FACTA. Mack states, under oath, in his annexed affidavit[11] that he discovered the violation in May 2011.

30. If a consumer's report is obtained without a permissible purpose whether it is visible to others who obtain a report or not, there is a private right of action under 15 U.S.C. § 1681n.

31. Mack has not made any claim for actual damages in his complaint but instead makes a claim for statutory damages which are available to the consumer under 15 U.S.C. § 1681n(a)(1)(A) when there is a failure to comply with the FCRA.

### E. Summary Judgment Evidence

32. In support of his motion, Mack includes evidence in the attached appendix. The motion for summary judgment is based on the following proof included in the appendix:

---

[11] See Exhibit 2 Mack Affidavit ¶1

a. **Affidavits.** The affidavit of David E. Mack[12] establishes the following facts:

(1) That Mack did not give CMS permission to obtain his credit report at any time.

(2) That the date of discovery of the violation alleged in this case was in May 2011.

(3) That all occurrences which give rise to this cause of action occurred in Collin County, Texas.

(4) That CMS has failed to provide any required disclosures to Mack at any time.

(5) That Mack has requested the required initial disclosures from CMS as recently as November 1, 2012 and the request has been ignored.

(6) That Mack propounded discovery to CMS and received incomplete, conflicting, and evasive responses to his requests.[13]

(7) That Mack has attempted to contact CMS to correct the deficiencies in the discovery answers and has received no response after multiple attempts to do so.[14]

b. **Interrogatories.** CMS's Answers to interrogatories numbers 2, 4, and 6[15] referencing "account notes" and "sample letters sent to plaintiff" which have never been provided as part of the initial disclosures or answers to Interrogatories, even after multiple requests, shows there is no alleged account that *could* have provided any *possibility* of a permissible purpose for CMS to obtain Mack's credit report. In CMS's Answers to Interrogatories 4, 5, and 6[16] it makes reference to an alleged "assignment" of a debt but no documentation whatsoever has been provided in support of the Answers given.

---

[12] See Exhibit 2
[13] See Exhibit 3 Discovery & Responses
[14] See Exhibit 4 Emails to Defendant
[15] See Exhibit 3 Pages 1-3
[16] See Exhibit 3 Pages 2-3

c. **Requests for Production.** CMS's Answers to Requests for Production numbers 1, 3, and 4[17] referencing "account notes" which have never been provided, <u>even after multiple requests</u>, shows there is no alleged account that ***could*** have provided any ***possibility*** of a permissible purpose for CMS to obtain Mack's credit report and any reference to an account is conclusory and without foundation. In CMS's Answers to Requests for Production 1, 3, and 5[18] it makes reference to an alleged "assignment" of an alleged debt but no documentation has been provided in support of the Answers provided.   Further, CMS's Answer to Request for Production 6[19] is simply "Defendant will supplement" which flies in the face of common sense when CMS has provided virtually nothing to date.

### Conclusions

33. Summary judgment is warranted if the pleadings, discovery, disclosure materials, and supporting affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986): *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998).

34. The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18

---

[17] See Exhibit 3 Pages 4-5
[18] See Exhibit 3 Pages 4-5
[19] See Exhibit 3 Page 5

F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).   In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lynch Props.,* 140 F.3d at 625.

35. CMS has failed in ALL respects to provide so much as a scintilla of evidence that there is any issue of material fact before the Court. It has ignored not only the Federal Rules of Civil Procedure and the local rules but more importantly has defied the Orders and admonitions of this Honorable Court to make timely disclosures so this case may move forward expeditiously and not be a burden on the Court's limited resources.

36. CMS has also made a mockery of the rules of discovery by not making any initial disclosures to date and providing evasive, incomplete and conflicting Answers to discovery requests.   There is also the <u>recurring issue of once again refusing to communicate with Mack</u> to resolve multiple issues of disclosure and discovery.

37. The Court made it very clear to both parties in this action that failure to timely make disclosures would result in exclusion of that required information being used in hearing, trial, or in support of a motion. Mack made his required initial disclosures timely to CMS on September 11, 2012[20] where CMS has failed to make *ANY* disclosures to date.

38. It is apparent that CMS has nothing to provide to show there is any issue of material fact before this Court and there should be no further waste of the Court's resources and

---

[20] See Exhibit 5 Mack Initial Disclosures

Mack's time on this matter.   Mack has met his burden to show there are no issues of material fact and is entitled to summary judgment as requested.

WHEREFORE, Plaintiff moves this Court for an Order of Summary Judgment against Defendant, Capital Management Services, LP, and further requests Final Summary Judgment against the Defendant with an Order in favor of Plaintiff for Defendant to pay statutory damages of $1,000 plus costs as well as any further relief, both at law and in equity, to which Plaintiff may be justly and legally entitled.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Kandy Messenger
SPROTT, RIGBY, NEWSOM,
ROBBINS & LUNCEFORD, P.C.
2211 Norfolk, Suite 1150
Houston, TX 77098

Dated December 4, 2012

David E Mack