UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | § | |
|     Plaintiff, | § | |
| | § | Case No. 4:12-cv-314 |
| vs. | § | |
| | § | JUDGE RON CLARK |
| CAPITAL MANAGEMENT | § | |
| SERVICES LP | § | TRIAL BY JURY DEMANDED |

**DEFENDANT CAPTIAL MANAGEMENT SERVICES, LP.'S
RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, CAPITAL MANAGEMENT SERVICES, LP. (hereinafter referred to as "CAPITAL"), by and through its undersigned counsel, files this Response in Opposition Of Plaintiff David Mack's ("Plaintiff") Motion for Summary Judgment ("Motion") and Memorandum in Support, in accordance with the Federal Rules of Civil Procedure and this Court's orders and rules, and respectfully requests this Court to deny Plaintiff's Motion as a matter of law.

## I.    INTRODUCTION

1.    On  May 21, 2012, Plaintiff initiated the instant lawsuit by filing a Complaint alleging that CAPITAL violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, *et. seq.* See Plaintiff's Original Complaint, Docket No. 1 at ¶ 8.  In particular, Plaintiff alleges that in May 2011, he obtained his Equifax consumer credit report and discovered that on May 14, 2009, CAPITAL obtained the Equifax consumer credit report with "no permissible purpose," causing his credit score to decline resulting in having to pay higher auto insurance premiums. Id. at ¶7-9.  Plaintiff alleges that he never had any business dealings or any accounts with, made

application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from CAPITAL or consented to the acquisition of his consumer credit report; therefore, CAPITAL violated the FCRA.

2.      CAPITAL filed an answer in this matter and denied violating the FCRA.

4.      The discovery deadline in this lawsuit is **March 4, 2013**. Trial is set for **September 2013**.

5.      Plaintiff filed a Motion for Summary Judgment seeking the Court to enter summary judgment in his favor alleging, in part, that CAPITAL did not provide him discovery responses; therefore, he should be entitled to summary judgment.  He also presented this Court with a series of documents, including a letter that he received from CAPITAL pre-suit specifically informing him of its "permissible purpose" and authority under the FCRA to pull his credit report, that he contends supports his FCRA claims.

6.      CAPITAL files this response in opposition to Plaintiff's Motion for Summary Judgment and memorandum in support, and will show unto this Court that Plaintiff is not entitled to summary judgment as a matter of law because the summary judgment affirmative shows that CAPTIAL had a "permissible purpose" to pull Plaintiff's credit report.  In fact, the summary judgment evidence shows that not only did CAPITAL have a "permission purpose" to pull Plaintiff's credit report but that Plaintiff was aware of said purpose prior to filing suit and had documents from CAPITAL regarding its permissible purpose.[1]  Furthermore, Plaintiff's Motion is nothing more than his attempt to avoid any responsibility under the Federal Rules of Civil Procedure to meet and confer in attempt in good faith to resolve any and all

---

[1]  Interestingly, the letters Plaintiff used in support of his Motion for Summary

discovery disputes with the opposing parties, which is reminiscent of his previous failures to cooperate with opposing counsel in the filing and preparation of the parties' joint status order or scheduling order and his improper attempts to obtain default judgment against CAPITAL despite failing to comply with the Federal Rules of Civil Procedure and properly serve CAPITAL with service of process.[2]

## II.   SUMMARY JUDGMENT EVIDENCE

7.   CAPTIAL's Response In Opposition to Plaintiff's Motion for Summary Judgment and Memorandum In Support is based on and supported by the pleadings and papers on file in this case, including but not limited to the Exhibits relied upon by Plaintiff in support of his Motion for Summary Judgment, [Doc. No. 31, and Exhibits], along with the following summary judgment evidence, which is attached to and incorporated into to this motion by reference:

**Exhibit A:**   **Declaration of Cara Robinson, Vice President of Information Technology, User Security and Client Auditing of Capital Management Services, LP.**

**Exhibit B:**   **Declaration of Attorney Kandy E. Messenger, Counsel For Defendant Capital Management Services, LP**

---

[2] Prior to properly serving Defendant in this matter, Plaintiff filed a Request for Default Judgment against CAPITAL alleging that he had properly served CAPITAL with service of process but CAPITAL had failed to answer timely.  However, the documents relied upon by Plaintiff revealed that the summon was improperly sent by an individual named Gary Storm, who, based on information and belief, had some sort of personal relationship with Plaintiff and was either currently residing with Plaintiff or had resided with Plaintiff at one time via "certified mail" to an unidentified individual who had no authority to accept service on the behalf of CAPITAL. Fortunately, on or about July 20, 2012, Defendant discovered this pending lawsuit and Plaintiff's Request for Motion for Default Judgment while handling an unrelated matter and was able to file a motion to dismiss due to improper service. Plaintiff subsequently agreed to properly serve CAPITAL with service of process.

Defendant's counsel attempted to meet and confer with Plaintiff to prepare and file a joint status report in this matter but was unable to reach him via telephone and he did not respond to any of opposing counsel's correspondence.  Only after Defendant's counsel filed her Proposed Joint Status Report and Certificate of Conference did Plaintiff agree to meet and confer with Defendant's counsel.

### III.   GENIUNE ISSUE OF MATERIAL FACT

8.     In this case, Plaintiff alleges CAPITAL violated the FCRA by pulling his credit report with no "permissible purpose." However, the documents relied upon by Plaintiff in support of his own motion and the declaration of Cara Robinson, Vice President of Information Technology, User Security and Client Auditing of CAPITAL attached and incorporated in support of CAPITAL's response, clearly show that a fact issue exists as to whether CAPITAL had a permissible purpose to pull his credit report.  *See* Plaintiff's Motion for Summary Judgment, [Doc. No. 31, Exhibit 5, page 7], and see also "Exhibit A."

9.     On or about May 12, 2009, Galaxy Portfolio Management, LLC referred an account for collection in David Mack's name for collection. *Id.*  Subsequently, on May 13, 2009, CAPITAL pulled Plaintiff's credit report for the purpose of collecting on Plaintiff's account which was referred to CAPITAL by Galaxy Portfolio Management, LLC. *Id.* Plaintiff's credit report was obtained by CAPITAL subsequent to receiving Plaintiff's account for collection from Galaxy Portfolio Management, LLC. *See* Exhibit A. In 2009, CAPITAL contacted Plaintiff on numerous occasions regarding the account placed by Galaxy Portfolio Management, LLC for collections. *Id.* In fact, on May 29, 2009, CAPITAL spoke with Plaintiff regarding the account. Interestingly, at no time prior to Plaintiff's letter dated May 12, 2011, did Plaintiff send any written communication to CAPITAL indicating that he disputed the debt or did not owe the debt. *Id.* and Plaintiff's Motion for Summary Judgment [Doc. No. 31, Exhibit 5].

10.     On May 25, 2011, prior to the filing of this lawsuit, CAPITAL clearly advised Plaintiff that it was a collection agency and its client had placed an account in

Plaintiff's name for collection with its office on May 12, 2009, and CAPTIAL's credit inquiry was made in connection with a credit transaction, i.e. the collection of a debt. *See* Plaintiff's Motion for Summary Judgment, [Doc. No. 31, Exhibit 5, page 7]. CAPITAL further advised Plaintiff that a collection agency has a "permissible purpose" to access an individual's consumer report for collections when the collection is in connection with a credit transaction. *See* Plaintiff's Motion for Summary Judgment, [Doc. No. 31, Exhibit 5, page 7]. Plaintiff's response was merely pay me $1,000. Plaintiff subsequently filed this lawsuit against CAPITAL.

## IV. ARGUMENT AND AUTHORITY

### A.    SUMMARY JUDGMENT STANDARD

11.    However, summary judgment is only proper in a case where there is a no genuine issue of material fact. *See* FED. R. CIV. P. 56(c); *Celotex. Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). A plaintiff moving for summary judgment must satisfy its burden by submitting summary judgment proof that establishes all elements of its cause of action as a matter of law. *San Pedro v. United States*, 79 F.3d 1065, 1068 (11th Cir. 1996) (emphasis added). This burden is satisfied only if, after viewing the evidence in the light most favorable to defendant, no genuine issue of material fact exist and no reasonable trier of fact could find in favor of defendant. *Id.*

12.    In determining whether there is a disputed issue of material fact that prevents summary judgment, the court must consider all evidence in the light most favorable to CAPITAL as the non-movant. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th

Cir. 2002). The Court must also resolve all reasonable doubt about the facts in favor of the defendant as nonmovant. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d at 456.

13.     In this matter, Plaintiff has filed suit against CAPITAL for alleged "willful" violations of 15 U.S.C. §1681b.  See Plaintiff's Original Complaint, [Doc. No. 1, page 3.]  The FCRA only imposes civil liability upon a person who "*willfully* obtains a consumer report for a purpose that is *not authorized* by the FCRA." 15 U.S.A. §§1681b(f), 1681n(a).  To support a claim under §1681b, Plaintiff must prove by the preponderance of the evidence that CAPITAL (1) *willfully* obtained his credit report and (2) for an purpose not authorized by the FCRA.

## B.     CAPITAL HAD PERMISSIBLE PURPOSE TO PULL PLAINTIFF'S CREDIT REPORT UNDER THE FCRA.

14.     In the case at bar, summary judgment is improper because the Plaintiff has failed to prove that CAPITAL did not have a "permissible purpose" to pull his credit report.  In fact, the summary judgment evidence presented in Plaintiff's own Motion and by CAPITAL affirmatively shows that CAPITAL actually had a "permissible purpose" to pull Plaintiff's credit report; therefore, Plaintiff's FCRA are without any merit.  Although Plaintiff alleges in his complaint that he "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from CAPITAL or consented to the acquisition of his consumer credit report," Plaintiff completely ignores the provision of the FCRA which allows the pulling of the credit report in connection with the collection of the consumer account.

15.    Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. See *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); *see also Wilting v. Progressive County Mut. Ins. Co.,* 227 F.3d 474, 475 (5th Cir.2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible uses of credit reports). The statute imposes civil liability upon a person who "*willfully* obtains a consumer report for a purpose that is *not authorized* by the FCRA." 15 U.S.A. §§1681b(f), 1681n(a). However, the FCRA *expressly permits* the distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of*, the consumer. §1681b(a)(3)(A)(emphasis added); *see Huertas v. Capital Management Services, LP*, 641 F.3d 28 (3rd Cir. 2011); *Phillips v. Grendahl*, 312 F.3d 357, 366 (8th Cir. 2000), *abrogated on other grounds*, *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 167 L. Ed. 1045 (2007); *see also Stergiopoulos v. First Midwest Bancorp., Inc.*, 427 F.3d 1043, 1046-47 (7th Cir. 2005).

16.    In fact, the FCRA specifically authorizes debt collectors, such as CAPITAL, to pull Plaintiff's credit report. The FCRA provides the following:

> (a) In general
>
> Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> * * *

(3) To a person which it has reason to believe –

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review **or collection of an account of**, the consumer;

15 U.S.C. §1681b(a)(3)(A) (emphasis added).

17.     In *Huertas v. Capital Management Services, LP*, 641 F.3d 28 (3rd Cir.  2011), the plaintiff filed suit against Capital Management Services, LP and other defendants alleging that they violated the FCRA by acquiring his credit information from TransUnion in connection with debt collection efforts. The plaintiff had sought credit from ACB, which subsequently referred the debt to the collection agencies for collection. When the debt was referred to the collection agencies for collection, the collection agencies pulled the plaintiff's credit report. The Plaintiff alleged that the collection agencies did not have authority to pull his credit report because they had no "permissible purpose" under the FCRA. The court disagreed and held that the FCRA expressly authorized collectors to pull his credit report in connection of a debt.

18.     In the case at bar, CAPITAL had a permissible purpose to pull Plaintiff's credit report.   On May 12, 2009, Galaxy Portfolio Management, LLC. referred Plaintiff's account to CAPITAL for collection. *See* Plaintiff's Motion for Summary Judgment, [Doc. No. 31, Exhibit 5, page 7], and see also "Exhibit A."   On May 13, 2009, CAPITAL pulled Plaintiff's credit report for the purpose of collecting on the Plaintiff's account which was referred to CAPITAL for collection by the original creditor, Galaxy Portfolio Management, LLC. *Id.*  Plaintiff's credit report was obtained

by CAPITAL subsequent to receiving Plaintiff's account for collection from Galaxy Portfolio Management, LLC. *Id.*   In 2009, CAPITAL contact David Mack on numerous occasions regarding the account placed by Galaxy Portfolio Management, LLC. for collections. *Id.*  On or about May 29, 2009, CAPITAL spoke with David Mack regarding the account. *Id.*  David Mack never sent any written communication to Capital indicating that he disputed the debt or did not owe the debt. *Id.*

19.      "[T]o qualify under § 1681b(a), the 'credit transaction' must both (1) be a 'credit transaction involving the consumer on whom the information is to be furnished' and (2) involve 'the extension of credit to, or review or **collection of an account** of, the consumer.'" *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1112 (9th Cir. 2009).  Because CAPITAL pulled Plaintiff's credit report for the purposes of collecting his unpaid account referred to CAPITAL by Galaxy Portfolio Management LLC for collection, CAPITAL had a permissible purpose in pulling Plaintiff's credit report.  As such Plaintiff's FCRA claims against CAPITAL are without any merit and his Motion for Summary Judgment should be DENIED as a matter of law.

## C.    PLAINTIFF FAILS TO PRESENT ANY EVIDENCE TO SHOW THAT CAPITAL "WILLFULLY" VIOLATED THE FCRA.

20.    Plaintiff alleges that CAPITAL violated the Section 1681b of the FCRA, however, Plaintiff fails to produce or even mention what if any summary judgment evidence he has to show that any alleged violation of the FCRA was "willful."  In fact, Plaintiff does not even mention "willful" in his Motion for Summary Judgment. Section 1681b of the FCRA only imposes civil liability upon a person who "*willfully* obtains a consumer report for a purpose that is *not authorized* by the FCRA." 15 U.S.A. §§1681b(f), 1681n(a). Under the FCRA, a plaintiff may not recover statutory

damages of a mere violation of the FCRA unless the plaintiff proves that the violation was "willful."   *See Safeco Insurance Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2001, 167 L. Ed. 2d 1045 (2007)(holding that willful means recklessness, which is more than negligence). In the case at bar, Plaintiff does not even mention what, if any, acts CAPITAL took other than pulling his credit report and does not even mention how such acts were "willful."   Thus, Plaintiff's Motion for Summary Judgment should be denied as a matter of law.

## D.   PLAINTIFF HAS FAILED TO MEET AND CONFER WITH COUNSEL IN GOOD FAITH TO RESOLVE ANY AND ALL DISCOVERY RESPONSES.

21.    Plaintiff's entire Motion for Summary Judgment appears to be nothing more than complaints about CAPITAL's response to discovery.   In particular, Plaintiff alleges that he never received CAPITAL's response to Disclosures and that the discovery responses provided by CAPITAL were deficient.   Discovery in this matter does not end until **March 2013**.   According to Plaintiff's Motion for Summary Judgment, he sent one email to CAPITAL's counsel alleging that he did not receive disclosures and no documents were attached to CAPITAL'S discovery response. However, CAPITAL's counsel has attempted on numerous occasions to reach Plaintiff *via telephone* in response to his email indicating that he did not obtain documents attached to the discovery response to resolve any discovery issues or disclosures.   In fact, counsel's records show that the document referenced in the discovery responses were attached to the discovery responses and many documents are identical to the ones Plaintiff produced in response to Initial Disclosures and relied upon in support of his motion for summary judgment.

Furthermore, counsel's records indicate that disclosures were sent to Plaintiff by US regular mail to Plaintiff on or about September 15, 2012 and were not returned to the office.  At no time has Defendant's counsel received a telephone call or request to discuss any discovery responses from Plaintiff.  Although Plaintiff has spoken with defense counsel's legal assistant on several prior occasions, on no occasion has she received any telephone calls or inquiries from Plaintiff regarding any discovery issues.  Nevertheless, Defendant's counsel has resent the initial disclosures and documents referenced in its discovery responses to Plaintiff.  *See* Exhibit B.

## V.    CONCLUSION AND PRAYER

22.    WHEREFORE, PREMISES CONSIDERED, Defendant Capital Management Services, LP respectfully requests that Plaintiff's Motion for Summary Judgment be DENIED as a matter of law, and that Defendant receives any and all other and further relief as to which they may show themselves justly entitled.

Respectfully submitted,

**SPROTT RIGBY NEWSOM ROBBINS
& LUNCEFORD, PC**

By: */s/ Kandy E. Messenger*
Kandy E. Messenger, SBN No. 4053360
Federal Bar No. 638777
2211 Norfolk, Suite 1150
Houston, Texas 77098
(713) 523-8338 ext 1954 Telephone
(713) 523-9422 Facsimile
(281) 830-0402 Cell Phone
messenger@sprottrigby.com
LEAD ATTORNEY FOR DEFENDANT
CAPITAL MANAGEMENT SERVICES, LP

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 21ST of December, 2012 I have served the below referenced party with via United States Postal Service as follows:

David E. Mack                           *Via CMRRR*
7720 McCallum Blvd #2099
Dallas, Texas 75252


By:     */s/ Kandy E. Messenger*
        Kandy E. Messenger